1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY PREWITT,<br><br>              Plaintiff,<br><br>   v.<br><br>DOERER,<br><br>              Defendant. | Case No.  1:24-cv-01184-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

I.    **Background**

      Plaintiff Jeremy Prewitt ("Plaintiff") is a federal prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.

      On October 3, 2024, the Court issued an order severing this action from *Benanti v. Doerer*, Case No. 1:24-cv-01108-CDB (PC), and directing Plaintiff to: (1) file a signed complaint bearing his own case number; and (2) submit a completed application to proceed *in forma pauperis* or pay the $405.00 filing fee to proceed with this action.  (ECF No. 2.)  The Court expressly warned Plaintiff that failure to comply with the Court's order would result in dismissal of this action.  (*Id.* at 9.)  The deadline has expired, and Plaintiff has failed to respond to the Court's order or otherwise communicate with the Court.

1  **II.      Failure to Prosecute and Failure to Obey a Court Order**

2        **A.      Legal Standard**

3        Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

4  any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

5  within the inherent power of the Court."  District courts have the inherent power to control their

6  dockets and "[i]n the exercise of that power they may impose sanctions including, where

7  appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A

8  court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

9  failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46

10  F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

11  963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

12  amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

13  (dismissal for failure to comply with court order).

14        In determining whether to dismiss an action, the Court must consider several factors:

15  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

16  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

17  cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

18  F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

19        **B.      Discussion**

20        Here, Plaintiff's application to proceed *in forma pauperis* or payment of the filing fee, as

21  well as a signed complaint, are overdue and he has failed to comply with the Court's order.  The

22  Court cannot effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the Court

23  finds that both the first and second factors weigh in favor of dismissal.

24        The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a

25  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

26  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

27  dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d

28  639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

1 responsibility it is to move a case toward disposition on the merits but whose conduct impedes

2 progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*

3 *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

4       Finally, the Court's warning to a party that failure to obey the court's order will result in

5 dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

6 *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's October 3, 2024 order

7 expressly warned Plaintiff that his failure to comply with the Court's order would result in

8 dismissal of this action.  (ECF No. 2, p. 9.)  Thus, Plaintiff had adequate warning that dismissal

9 could result from his noncompliance.

10       Additionally, at this stage in the proceedings there is little available to the Court that

11 would constitute a satisfactory lesser sanction while protecting the Court from further

12 unnecessary expenditure of its scarce resources.  Plaintiff has not paid the filing fee, or would be

13 proceeding *in forma pauperis* in this action, apparently making monetary sanctions of little use,

14 and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has

15 ceased litigating his case.

16 **III.**    **Recommendation**

17       Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a

18 District Judge to this action.

19       Further, the Court finds that dismissal is the appropriate sanction and HEREBY

20 RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a Court

21 order and for Plaintiff's failure to prosecute this action.

22       These Findings and Recommendation will be submitted to the United States District Judge

23 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

24 **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written

25 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

26 Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or**

27 **include exhibits.  Exhibits may be referenced by CM/ECF document and page number if**

28 **already in the record before the Court.  Any pages filed in excess of the 15-page limit may**

3

**not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 4, 2024**          /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE